**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM BARKER, | No. 23-15479 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03008-CKD |
| v. | |
| OSEMWINGIE; RAMISCAL, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Argued and Submitted June 5, 2024
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: S.R. THOMAS and BUMATAY, Circuit Judges, and BENNETT,[**] District Judge.

Plaintiff-Appellant William Barker appeals the district court's screening order pursuant to 28 U.S.C. § 1915A, which dismissed Barker's claims under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA") against the State of California ("State") for failure to state a claim.[1] We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* a district court's dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). In an earlier appeal, we held that Barker failed to raise a triable issue of fact as to whether defendants acted with deliberate indifference to his medical needs. *Barker v. Osemwingie*, No. 20-15503, 2021 WL 5564625, at *1 (9th Cir. Nov. 29, 2021). However, we held that the district court erred in dismissing his ADA and RA claims without leave to amend. *Id.* The case now returns to us after the district court dismissed Barker's amended complaint. We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

---

[**] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

[1] The district court's screening order also dismissed all defendants other than the State, which Barker does not challenge on appeal.

I

The district court properly concluded that Barker's complaint does not state a claim for relief under the ADA and RA. The ADA and RA "are interpreted coextensively."[2] *Payan v. L.A Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021). To state a claim under either act, Barker must allege: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (internal quotation marks and citation omitted), *as amended on denial of reh'g en banc* (Oct. 11, 2001).

Barker's claims fail at the second prong because his complaint lacks allegations that he was actually denied access to toileting services. To prevail under the ADA and RA, Barker must plead that "the accommodations offered by the [State] were not reasonable," *id.* at 1137, and that as a result, he was unable "to enjoy meaningful access to the benefits of [the prison's] services," *Mark H. v.*

---

[2] The ADA and RA differ only in which entities they apply to. Title II of the ADA applies to public programs or services, while the RA applies to programs receiving federal financial assistance. *See Duvall*, 260 F.3d at 1135. Both Acts apply to state prisons. *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

*Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010). Barker argues that the attempted use of a Liko Golvo 7007 ES Hoyer lift ("the Hoyer lift") to transfer him from his wheelchair to the toilet was unreasonable because it left him injured. However, we held in an earlier appeal in this case that the "use of the lift was medically appropriate." *Barker*, 2021 WL 5564625, at *1. We remanded to allow Barker "to provide additional facts explaining how the State's failed attempt to provide access to toiling services by means of the Hoyer lift amounted to a denial of such services on account of his disability," and required him "to plead facts plausibly suggesting that the defendants acted with deliberate indifference under the test established in *Duvall* . . . ." *Id.*

Upon remand, Barker did not plead specific facts showing that he was unable "to enjoy meaningful access" to a toilet. *See Mark H.*, 620 F.3d at 1097. Further, his amended complaint does not meaningfully allege that the State was deliberately indifferent to a risk of disability discrimination, rather than a risk of physical injury from alleged misuse of the Hoyer lift. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA does not create a remedy for medical malpractice." (quoting *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

Therefore, the amended complaint failed to state a cognizable ADA or RA claim, and the district court properly dismissed it.

**AFFIRMED.**